## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| JIMMY BREWSTER, **Plaintiff,** vs. CITY OF MACON MAYOR AND COUNCIL, OFFICER CLAYTON SUTTON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, OFFICER LISA SAPP, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY, OFFICER CHARLES GIBBY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, CHIEF T. MICHAEL "MIKE" BURNS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, SHERIFF JERRY MODENA, IN HIS OFFICIAL CAPACITY, **Defendants.** | Civil Action No. 5:14-cv-35-MTT |

## ANSWER OF OFFICER CLAYTON SUTTON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, OFFICER LISA SAPP, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY, AND OFFICER CHARLES GIBBY (BY SPECIAL APPEARANCE), INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY

COME NOW Officer Clayton Sutton, Individually and in his Official Capacity,

Officer Lisa Sapp, Individually and in her Official Capacity, and Officer Charles Gibby,

Individually and in his Official Capacity (by special appearance, not having been served),

and file this answer to plaintiff's complaint, respectfully showing this Court the following:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim against these defendants, or any of them,

upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's complaint should be dismissed on the basis of the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff's complaint, purporting to be a renewal of a previous lawsuit, was not timely filed and served on any of the defendants.

### FOURTH DEFENSE

Officer Charles Gibby, Individually and in his Official Capacity, (by special appearance), has not been served in this matter.  Plaintiff's complaint should be dismissed on the basis of lack of service.

### FIFTH DEFENSE

These defendants, in their individual capacities, are entitled to qualified and official immunity.

### SIXTH DEFENSE

These defendants, in their individual capacities, did not act or fail to act in any manner which violated any clearly established constitutional or federally protected right of plaintiff.  According, these defendants should be dismissed.

### SEVENTH DEFENSE

To the extent that plaintiff's complaint alleges matters that were not contained in the previously filed lawsuit it is subject to a dismissal on the basis that it goes beyond the scope of the allegations contained in the original complaint.

### EIGHTH DEFENSE

Plaintiff's injuries and damages resulted from plaintiff's own misconduct and violations of Georgia law.

## NINTH DEFENSE

At all times pertinent to plaintiff's complaint, these defendants acted on the basis of probable cause and reasonable force.

## TENTH DEFENSE

Answering the numbered paragraphs of plaintiff's complaint, these defendants answer as follows:

1.

These defendants admit that plaintiff brings this action as described therein, but deny plaintiff's entitlement to do so under the facts of this case. These defendants further show that paragraph 1 of plaintiff's complaint does not allege any wrongdoing on the part of these defendants.

2.

These defendants admit that plaintiff brings this action as described therein, but deny plaintiff's entitlement to do so under the facts of this case.

3.

Paragraph 3 is denied.

4.

Paragraph 4 is denied.

5.

Paragraph 5 is denied.

6.

Paragraph 6 is denied.

7.

These defendants incorporate each and every response to the previous paragraphs 1 through 6 as if fully set forth herein.

8.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 8 of plaintiff's complaint, and can neither admit nor deny the same.

9.

Paragraph 9 is denied.

10.

Answering paragraph 10, these defendants deny as alleged the first grammatical sentence contained therein, and admit the second grammatical sentence.

11.

Answering paragraph 11, these defendants deny the first grammatical sentence contained therein, and admit the second grammatical sentence.

12.

Paragraph 12 is denied.

13.

Paragraph 13 does not call for a responsive pleading from these defendants. These defendants are not aware of any person named T. Michael "Mike" Burns Gibby.

14.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 14 of plaintiff's complaint, and can neither admit nor deny the same.

15.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 15 of plaintiff's complaint, and can neither admit nor deny the same.

16.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 16 of plaintiff's complaint, and can neither admit nor deny the same.

17.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 17 of plaintiff's complaint, and can neither admit nor deny the same.

18.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 18 of plaintiff's complaint, and can neither admit nor deny the same.

19.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 19 of plaintiff's complaint, and can neither admit nor deny the same.

20.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 20 of plaintiff's complaint, and can neither admit nor deny the same.

21.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 21 of plaintiff's complaint, and can neither admit nor deny the same.

22.

Answering paragraph 22, these defendant show that the allegations contained therein are an incomplete description of pertinent facts and, accordingly, this paragraph is denied.

23.

Answering paragraph 23, these defendants show that the allegations contained therein are an incomplete description of pertinent facts and, accordingly, this paragraph is denied.

24.

Paragraph 24 is denied.

25.

Paragraph 25 is denied.

26.

Paragraph 26 is denied as alleged.

27.

Paragraph 27 is denied.

28.

Paragraph 28 is admitted.

29.

Answering paragraph 29, these defendants show that the allegations contained

therein are an incomplete description of pertinent facts and, accordingly, this paragraph is denied.

30.

Paragraph 30 is denied.

31.

Paragraph 31 is denied as alleged.

32.

Paragraph 32 is admitted as to the declining of medical attention, but these defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining averments contained in paragraph 32 of plaintiff's complaint, and can neither admit nor deny the same.

33.

Paragraph 33 is denied.

34.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 34 of plaintiff's complaint, and can neither admit nor deny the same.

35.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 35 of plaintiff's complaint, and can neither admit nor deny the same.

36.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 36 of plaintiff's complaint, and can

neither admit nor deny the same.

37.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 37 of plaintiff's complaint, and can neither admit nor deny the same.

38.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 38 of plaintiff's complaint, and can neither admit nor deny the same.

39.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 39 of plaintiff's complaint, and can neither admit nor deny the same.

40.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 40 of plaintiff's complaint, and can neither admit nor deny the same.

41.

Paragraph 41 is denied.

42.

Paragraph 42 is denied.

43.

Paragraph 43 is denied.

44.

Paragraph 44 is denied.

45.

Answering paragraph 45, these defendants admit that at all times pertinent to plaintiff's complaint they were employed by the City of Macon. The remainder of this paragraph is denied.

46.

Paragraph 46 is denied.

47.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 47 of plaintiff's complaint, and can neither admit nor deny the same.

48.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 48 of plaintiff's complaint, and can neither admit nor deny the same.

49.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 49 of plaintiff's complaint, and can neither admit nor deny the same.

50.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 50 of plaintiff's complaint, and can neither admit nor deny the same.

51.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 51 of plaintiff's complaint, and can neither admit nor deny the same.

52.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 52 of plaintiff's complaint, and can neither admit nor deny the same.

53.

Paragraph 53 is admitted.

54.

Paragraph 54 is admitted.

55.

Paragraph 55 is denied.

56.

Paragraph 56 is denied.

57.

Paragraph 57 is admitted.

58.

Paragraph 58 is denied.

59.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 59 of plaintiff's complaint, and can neither admit nor deny the same.

60.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 60 of plaintiff's complaint, and can neither admit nor deny the same.

61.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 61 of plaintiff's complaint, and can neither admit nor deny the same.

62.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 62 of plaintiff's complaint, and can neither admit nor deny the same.

63.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 63 of plaintiff's complaint, and can neither admit nor deny the same.

64.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 64 of plaintiff's complaint, and can neither admit nor deny the same.

65.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 65 of plaintiff's complaint, and can neither admit nor deny the same.

66.

Paragraph 66 is denied.

67.

Paragraph 67 is admitted.

68.

Paragraph 68 is denied.

## COUNT I

These defendants incorporate their responses to each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

69.

Paragraph 69 is denied.

70.

Paragraph 70 is denied on information and belief.

71.

Paragraph 71 is denied on information and belief.

72.

Paragraph 72 is denied on information and belief.

73.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 73 of plaintiff's complaint, and can neither admit nor deny the same.

74.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 74 of plaintiff's complaint, and can

neither admit nor deny the same.

75.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 75 of plaintiff's complaint, and can neither admit nor deny the same.

76.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 76 of plaintiff's complaint, and can neither admit nor deny the same.

77.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 77 of plaintiff's complaint, and can neither admit nor deny the same.

78.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 78 of plaintiff's complaint, and can neither admit nor deny the same.

79.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 79 of plaintiff's complaint, and can neither admit nor deny the same.

80.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 80 of plaintiff's complaint, and can

neither admit nor deny the same.

## COUNT II

### 81.

These defendants incorporate their previous responses to the foregoing paragraphs as if fully set forth herein.

### 82.

Paragraph 82 is denied.

### 83.

Paragraph 83 is denied.

### 84.

Paragraph 84 is denied.

### 85.

Paragraph 85 is denied.

## COUNT III

These defendants incorporate their previous responses to the foregoing paragraphs as if fully set forth herein.

### 86.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 86 of plaintiff's complaint, and can neither admit nor deny the same.

### 87.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 87 of plaintiff's complaint, and can neither admit nor deny the same.

88.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 88 of plaintiff's complaint, and can neither admit nor deny the same.

89.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 89 of plaintiff's complaint, and can neither admit nor deny the same.

90.

These defendants are without sufficient information or knowledge to form a belief as to the truth of the averments contained in paragraph 90 of plaintiff's complaint, and can neither admit nor deny the same.

## COUNT IV

91.

These defendants incorporate their previous responses to the foregoing paragraphs as if fully set forth herein.

92.

Paragraph 92 is denied.

93.

Paragraph 93 is denied.

94.

Paragraph 94 is denied.

95.

Paragraph 95 is denied.

96.

Paragraph 96 is denied.

## COUNT V

97.

These defendants incorporate their previous responses to the foregoing paragraphs as if fully set forth herein.

98.

Paragraph 98 is denied.

99.

Paragraph 99 is denied.

100.

Paragraph 100 is denied.

101.

Paragraph 101 is denied.

102.

Paragraph 102 is denied.

103.

Paragraph 103 is denied.

104.

Paragraph 104 is denied.

105.

Any averment in plaintiff's complaint not specifically admitted, or for want of sufficient information neither admitted nor denied, is hereby denied.

## ELEVENTH DEFENSE

Plaintiff's claims for punitive damages are barred by the United States Constitution, the Constitution of the State of Georgia, and other applicable law.

WHEREFORE, having fully answered, these defendants pray as follows:

(a)     That plaintiff's complaint be dismissed;

(b)     That judgment be entered in favor of these defendants for all costs of this action,  including reasonable attorney's fees pursuant to 42 USC §1988;

(c)     That these defendants have trial by twelve and impartial jurors as to any factual issues;

(d)     That these defendants have such other and further relief as the Court deems appropriate under the circumstances of this case.

This  27  day of January, 2014.

Thomas F. Richardson
Georgia Bar No. 604325

J. Travis Hall
Georgia Bar No. 357464
*Attorneys for Defendants,*
*Officer Clayton Sutton, Officer*
*Lisa Sapp, and Officer Charles*
*Gibby, Individually and in their*
*Official Capacities*

Chambless, Higdon, Richardson,
 Katz & Griggs, LLP
3920 Arkwright Road, Ste. 405
P.O. Box 18086
Macon, GA  31209-8086
Telephone: (478)745-1181

## CERTIFICATE OF SERVICE

This is to certify that I have this day served foregoing Answer of Officer Clayton Sutton, Individually and in his Official Capacity, Officer Lisa Sapp, Individually and in her Official Capacity, and Officer Charles Gibby, Individually and in his Official Capacity (by special appearance) upon all counsel, by depositing a copy of the same in the United States mail with sufficient postage affixed thereon to ensure delivery to:

> Mr. Charles E. Jones
> Jones and Oliver, PC
> 102 Peachtree Street
> Fort Valley, GA 31030
> --Attorney for Plaintiff
>
> Mr. Virgil L. Adams
> Adams & Jordan, PC
> 577 Mulberry Street, Ste. 1250
> Macon, GA 31202
> --Attorney for Defendant, Jerry Modena
>
> Mr. Duke R. Groover
> James Bates, LLP
> P.O. Box 4283
> Macon, GA 31208-4283
> --Attorney for Defendants,
>    City of Macon and Chief Burns

This __27__ day of January, 2014.

Thomas F. Richardson